UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

TALIB AMIN AKBAR,

        Petitioner,

        v.         Case No. 09-C-1045

MICHAEL THURMER,
AKFONSO J. GRAHAM,
JAYNE A. HACKBARTH,

        Respondents.

DECISION AND ORDER GRANTING PETITION TO PROCEED IN FORMA
PAUPERIS (Doc. # 2), SCREENING PETITION FOR WRIT OF HABEAS CORPUS,
AND DISMISSING CASE

The petitioner, Talib Amin Akbar, a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that his "liberty interests" have been violated by the state's refusal to grant his request for parole. Akbar has also filed a request to proceed in forma pauperis.

Under Rule 3 of the Rules Governing § 2254 Cases, Akbar is required to file an affidavit of indigence under 28 U.S.C. § 1915 in support of his request to proceed in forma pauperis. Inasmuch as he has done so, the court is satisfied that he lacks sufficient funds to proceed.[1]

---

[1] Under 28 U.S.C. § 1915, the court conducts an initial review of the plaintiff's claims and may dismiss the action if it finds that (1) the action is frivolous or malicious, (2) the complaint fails to state a claim on which relief may be granted, or (3) the petitioner seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Inasmuch as the court will dismiss this case pursuant to Rule 4 of the Rules Governing § 2254 Cases, Akbar's petition also fails under a § 1915(e)(2) review for failure to state a claim upon which relief may be granted.

1

Moving on, while Akbar brings this case under 28 U.S.C. § 2241, that section is not available to state prisoners under these circumstances. Inasmuch as Akbar is in custody pursuant to the judgment of a state court, any habeas relief he seeks in federal court must be under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (discussing relationship between § 2241 and § 2254 for state prisoners).

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During the initial review of habeas petitions, the court generally assesses whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

The record indicates that on January 19, 1995, Akbar was convicted in Brown County Circuit Court of two counts of Second Degree Sexual Assault as a repeat offender. According the judgments of conviction, the offenses were committed on June 22, 1994. (Pet. Appx. 101-02.[2]) Akbar was sentenced on March 16, 1995, to consecutive ten-year sentences and is incarcerated at Waupun Correctional Institution in Wisconsin, with a maximum discharge date of October 10, 2013. (*See id*. at 103.)

---

[2] Several documents are attached to the petition and are sequentially numbered as an appendix. Included in this appendix are the judgments of conviction, decisions of the Parole Commission, petitions for relief filed with the state courts, and orders of the Wisconsin Circuit Court and Wisconsin Court of Appeals.

2

Since his conviction, Akbar has filed several actions in state and federal court. Records reflect that Akbar has filed at least eleven cases with this court (including several petitions for writs of habeas corpus), and the Wisconsin Court of Appeals has accused him of "abusing the appellate process by repeatedly litigating the same matters." (*Id.* at 114.)

Notably, Akbar filed a § 2254 petition in 2005 challenging his underlying conviction and sentence. *See Akbar v. Kingston*, No. 05-CV-267 (E.D. Wis. Mar. 28, 2005). That case was dismissed by Judge J.P. Stadtmueller as successive under 28 U.S.C. § 2244(b)(3)(A). Additionally, in *Akbar v. State of Wisconsin, et al.*, Case No. 04-CV-1097 (E.D. Wis. Jan. 21. 2005), Akbar asserted that he was being illegally detained beyond his discharge date and again sought relief under 28 U.S.C. § 2254. Judge Rudolph Randa reviewed that petition and denied it for failure to state a claim upon which relief may be granted (ultimately the matter was decided pursuant to 28 U.S.C. § 1915(e)(2) because Akbar sought to proceed without prepayment of fees). The U.S. Court of Appeals for the Seventh Circuit denied Akbar's motion for certificate of appealability in that case, finding no substantial showing of a denial of a constitutional right. (Appeal No. 05-1570).

In the instant petition, Akbar asserts that he is being detained illegally due to the Wisconsin Parole Commission's recent decision to delay his release. Specifically, he submits that he has attained parole eligibility, has "served sufficient time for punishment," his "institutional adjustment has been satisfactory," has "participated/completed treatment," and has developed an adequate parole plan." (Pet. 1.) However, at the February 18, 2009, hearing before the Parole Commission regarding his presumptive mandatory

3

release, Akbar received a one-year deferment. This was one of nine deferments issued since his sentence was imposed. In its written decision dated February 18, 2009, the Parole Commission states that Akbar's "release at this time would involve an unreasonable risk to the public." (Pet. Appx. 104.) It goes on to discuss the nature of Akbar's sexual offenses, his need to maintain good conduct so that he may attend the appropriate sex offender treatment program (a requirement for Akbar's "release to be reasonable"), and several other matters. (*Id.*) Akbar maintains that these circumstances demonstrate a violation of his "liberty interest" and require his release.[3]

Further, Akbar asserts that he has exhausted his state remedies. And the documents before the court indicate the Wisconsin Court of Appeals and Wisconsin Supreme Court passed on his claims. In an order dated June 11, 2009, the Wisconsin Court of Appeals summarily denied Akbar's state court petition for failure to follow specific procedures imposed in response to his abuse of the state court system, and the Wisconsin Supreme court denied review on September 24, 2009.

Here it is apparent that Akbar's petition for writ of habeas corpus must be dismissed for multiple reasons. For instance, Akbar has filed several § 2254 petitions with this court, and each has been denied. While it does not appear that Akbar has previously challenged the Parole Commission's recent action, he has attacked his underlying conviction and sentence as well as his continued custody. Thus, this court considers the current petition as "second and successive" under 28 U.S.C. § 2244. Indeed, the plain

---

[3] A liberal reading of the petition indicates that Akbar seeks release, as opposed to a change in procedures to determine release. The latter generally must be filed as a civil action pursuant to 42 U.S.C. § 1983. *See Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004).

4

language of § 2244(b)(2) indicates that a subsequent petition related to a conviction or sentence previously challenged is subject to authorization by the court of appeals under § 2244(b)(3)(A), though courts have debated the meaning of "second or successive" under various circumstances. *See Crouch v. Norris*, 179 F.3d 1024, 1027 (8th Cir. 2001) (Loken, J., dissenting) (finding that petitioner's challenge to his denial of parole, filed after his challenge to the underlying conviction, falls squarely under § 2244(b)(2) and its consideration by the district court is subject to authorization under § 2244(b)(3)); *see also In re Page*, 179 F.3d 1024 (7th Cir. 1999) (discussing the meaning of "second or successive"); *Wingo v. Husz*, No. 05-CV-1333, 2006 WL 995117 (discussing interpretations of "second or successive" and citing cases).

In any event, even assuming that the instant petition is before the court properly, it must be dismissed on the merits. The Parole Commission has determined that the petitioner is subject to Wisconsin's presumptive mandatory release scheme, Wis. Stats. § 302.11. That scheme applies to inmates serving sentences for certain serious felonies (including sexual assault of a child) committed between April 21, 1994, and December 31, 1999. The Parole Commission may delay an inmate's presumptive parole date for protection of the public or because the inmate refuses treatment while incarcerated. *See* Wis. Stats. § 302.11(1g); Pet. Appx. 103-04. Both apply in Akbar's case. Hence, Akbar has no protected liberty interest because the Parole Commission is granted discretion to deny release when it concludes the requirements of the statute are met. *See State ex. rel Gendrich v. Litscher*, 246 Wis.2d 814, 632 N.W.2d 878 (Ct. App. 2001) ("[The] statute establishing the presumptive mandatory release scheme does not create a legitimate liberty interest in being paroled."); *see also Tooley v. Smith*, 2006 WL 3813657, *1 (W.D.

5

Wis. Dec. 21, 2006) (dismissing § 2254 attack on the Parole Commission's decision to deny parole under § 302.11 inasmuch as there is no liberty interest at issue); *Wery v. Lautenschlager*, 2005 WL 2176961 E.D. Wis. Sept. 8, 2005) (same); *McGrath v. Morgan*, 2005 WL 2002504, *2 (W.D. Wis. Aug.18, 2005) (same). Therefore, Akbar cannot obtain relief from this court on the grounds presented in his petition. Accordingly,

IT IS ORDERED that the petitioner's motion for leave to proceed in forma pauperis (Doc. # 2) is granted.

IT IS FURTHER ORDERED that the petition is dismissed under Rule 4 of the Rules Governing § 2254.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE