UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TALIB AMIN AKBAR,

    Petitioner,

v.                                  Case No. 09-C-1045

MICHAEL THURMER,
AKFONSO J. GRAHAM,
JAYNE A. HACKBARTH,

    Respondents.

ORDER DENYING MOTION FOR RECONSIDERATION (Doc. # 5)

On November 9, 2009, the petitioner, Talib Amin Akbar, a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that his "liberty interests" had been violated by the state's refusal to grant his request for parole. In reviewing the petition, the court noted that because Akbar is in custody pursuant to the judgment of a state court, any habeas relief he seeks in federal court must be under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (discussing relationship between § 2241 and § 2254 for state prisoners). The court therefore interpreted the petition as one for relief pursuant to 28 U.S.C. § 2254 and screened the petition pursuant to the Rules Governing § 2254 Cases.

After discussing the nature of Akbar's state conviction and the procedural history, the court dismissed the petition pursuant to Rule 4:[1]

> [I]t is apparent that Akbar's petition for writ of habeas corpus must be dismissed for multiple reasons. For instance, Akbar has filed several § 2254 petitions with this court, and each has

---

[1] The court's previous order noted that Akbar's petition also fails under § 1915(e)(2) for failure to state a claim upon which relief may be granted.

1

> been denied. While it does not appear that Akbar has previously challenged the Parole Commission's recent action, he has attacked his underlying conviction and sentence as well as his continued custody. Thus, this court considers the current petition as "second and successive" under 28 U.S.C. § 2244.
>
> . . .
>
> In any event, even assuming that the instant petition is before the court properly, it must be dismissed on the merits. The Parole Commission has determined that the petitioner is subject to Wisconsin's presumptive mandatory release scheme, Wis. Stats. § 302.11. That scheme applies to inmates serving sentences for certain serious felonies (including sexual assault of a child) committed between April 21, 1994, and December 31, 1999. The Parole Commission may delay an inmate's presumptive parole date for protection of the public or because the inmate refuses treatment while incarcerated. *See* Wis. Stats. § 302.11(1g); Pet. Appx. 103-04. Both apply in Akbar's case. Hence, Akbar has no protected liberty interest because the Parole Commission is granted discretion to deny release when it concludes the requirements of the statute are met. *See State ex. rel Gendrich v. Litscher*, 246 Wis.2d 814, 632 N.W.2d 878 (Ct. App. 2001) ("[The] statute establishing the presumptive mandatory release scheme does not create a legitimate liberty interest in being paroled."); *see also Tooley v. Smith*, 2006 WL 3813657, *1 (W.D. Wis. Dec. 21, 2006) (dismissing § 2254 attack on the Parole Commission's decision to deny parole under § 302.11 inasmuch as there is no liberty interest at issue); *Wery v. Lautenschlager*, 2005 WL 2176961 E.D. Wis. Sept. 8, 2005) (same); *McGrath v. Morgan*, 2005 WL 2002504, *2 (W.D. Wis. Aug.18, 2005) (same).

(Order of Dec. 2, 2009.) Judgment was entered.

Akbar now moves for reconsideration of that order under Federal Rule of Civil Procedure 59(e).[2] Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. A Rule 59(e) motion is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment,

---

[2] A motion pursuant to Rule 59(e) must be filed within 28 days of the entry of judgment. Akbar satisfies this requirement: judgment was entered on December 12, 2009, and his motion for reconsideration is dated December 18, 2009.

present evidence that was available earlier, or attempt to correct a party's own procedural errors. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Instead, the only grounds for a Rule 59(e) motion are newly discovered evidence or a "manifest error of law" by the court. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.2000). Further, the movant must "'clearly establish' one of the aforementioned grounds for relief." *Id*. (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Akbar argues that this court erred in dismissing his case because the petition is not second or successive given that the grounds asserted were "unforeseeable," and that his continued detention violates his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. However, these concerns were either addressed in the court's previous order or they could have been raised previously by Akbar. Further, while asserting that this court's decision was "plain error," he does not appear to challenge this court's analysis of the merits of his claim or the cases relied on. Under these circumstances, Akbar has not "clearly established" that he is entitled to relief pursuant to Rule 59(e). Therefore,

IT IS ORDERED that the petitioner's motion for reconsideration (Doc. # 5) is denied.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE